```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
                                       *
JULIUS FISHBEIN,
                                       *
     Plaintiff,
                                       *       CASE NO. 4:08-CV-19 (CDL)
vs.
                                       *
STEWART COUNTY HOUSING &
COMMISSION,                            *

     Defendant.                        *

_____ *
```

O R D E R

This case arises from a dispute between *pro se* Plaintiff Julius Fishbein and Defendant Stewart County Housing and Commission. Presently pending before the Court are Defendant's Pre-Answer Motion to Dismiss (Doc. 12) and Plaintiff's Motion for Summary Judgment (Doc. 20). For the following reasons, the Court grants Defendant's motion and denies Plaintiff's motion as moot.

FACTUAL BACKGROUND

Plaintiff's Complaint consists of two pre-printed forms as well as a typewritten statement of factual allegations, which the Court reads as a whole. The first portion of the Complaint is a preprinted form on which Plaintiff alleges that Defendant "refuses to return deposit of 360," "lies alot [sic]," "apt was never painted nor new shades," "wrongfull [sic] doing by housing," and "negligence."

1

(Compl. 2 ¶ 4.)  Plaintiff seeks "fifteen thousand for all of this agravation [sic]." *Id.*

The next portion of the Complaint appears to be a form utilized by a plaintiff seeking to bring an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*  The majority of the form is incomplete, including the portions requiring Plaintiff to describe the discriminatory conduct he experienced.  However, in response to the inquiry, "Defendant(s) conduct is discriminatory with respect to the following," Plaintiff indicated religion (Jewish) and sex (male). (Compl. 5 ¶ 6.)  In addition, Plaintiff responded to inquiries regarding Defendant's name, address, and nature of business. (Compl. 4 ¶¶ 1, 2.)

The final portion of the Complaint is a typewritten statement consisting of three general factual allegations.  Plaintiff first contends that the executive director of housing, identified as Lee Stephens, "does not know how to run housing and lies and is very very fresh to a senior citizen (plaintiff) and should be fired." (Compl. 7.) Plaintiff's next allegation is "that the Commission is Negligent in every way by not seeing what is going on with housing and with in it." (*Id.*)  Plaintiff's final allegation is "that the federal Department of housing and Urban development subsidize stewart county housing lumpkin and richland." (*Id.*)  The Complaint details Stephens's alleged negligence and other misdeeds; Plaintiff's

2

complaints about his housing and the method of his eviction; and the withholding of Plaintiff's security deposit.

Defendant moves to dismiss Plaintiff's Complaint for four reasons: (1) the Complaint fails to allege a basis for subject matter jurisdiction; (2) the Complaint fails to state a claim upon which relief can be granted; (3) Plaintiff's claim is frivolous and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2); and (4) Defendant is entitled to Eleventh Amendment immunity as a state agency.  The Court finds that the Complaint fails to sufficiently allege a basis for subject matter jurisdiction.  Accordingly, the Court grants Defendant's motion to dismiss.

### DISCUSSION

### I. Standard of Review

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  The Eleventh Circuit recognizes two types of challenges to a district court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A "facial attack" on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction[.]" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (second alteration in original) (internal quotation marks omitted).  A "factual attack" on a complaint "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings,

3

and matters outside the pleadings . . . are considered." *Id.* (internal quotation marks and citation omitted). Because Defendant contends that Plaintiff's Complaint fails to allege a sufficient factual basis for subject matter jurisdiction, Defendant's motion presents a facial attack on the Court's jurisdiction.

Facial attacks on subject matter jurisdiction are treated similarly to motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Both require the Court to take the allegations in Plaintiff's Complaint as true for purposes of the motion. *See Lawrence*, 919 F.2d at 1528-29. "A complaint must contain 'enough factual matter (taken as true) to suggest'" each required jurisdictional element. *Rance v. D.R. Horton, Inc.*, No. 08-10213, 2008 WL 3864285, at *2 (11th Cir. Aug. 21, 2008) (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007)). "'It is sufficient if the complaint succeeds in identifying facts that are suggestive enough to render the element plausible.'" *Id.* (quoting *Watts*, 495 F.3d at 1295-96).

The Court also notes that because Plaintiff is proceeding in this Court *pro se*, it will "construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). Even given this liberal standard, however, the Court concludes that the Complaint in this

4

case fails to sufficiently allege a factual basis for federal subject matter jurisdiction. Therefore, the Court grants Defendant's motion to dismiss.

## II.  Plaintiff's Complaint

"In order to have subject matter jurisdiction, a district court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Laurent v. U.S. Trustee*, 196 F. App'x 740, 743 (11th Cir. 2006). "Diversity jurisdiction exists 'if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states.'" *Id.* (quoting 28 U.S.C. § 1332(a)(1)). Federal question jurisdiction exists when a claim "'aris[es] under the Constitution, laws, or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim," *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005), and the Federal Rules of Civil Procedure require that the plaintiff's complaint contain "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1).

Even when construed liberally, Plaintiff's Complaint fails to reveal any plausible basis for the Court's jurisdiction. Plaintiff clearly fails to establish a factual basis for diversity jurisdiction; in fact, Plaintiff alleges that both he and Defendant reside in the state of Georgia and that he seeks to recover only

5

$15,000.  (Compl. 1-2 at ¶¶ 1, 2, 4.)  Plaintiff's Complaint also fails to allege a sufficient factual basis for federal question jurisdiction.  The only federal law that the Complaint even tangentially references is Title VII of the Civil Rights Act of 1964.  (*See* Compl. 4.)  However, Title VII is a statute that gives rise to a cause of action for *employment* discrimination.  Plaintiff never alleges that he was employed by Defendant, and the Complaint is devoid of factual allegations describing unlawful discrimination of any type.

It appears that Plaintiff asserts claims which are ordinarily state law claims: negligence, failure to maintain rental premises, constructive eviction, and wrongful eviction.[1]  While "pleading requirements under the federal system [are] generally liberal ones for plaintiffs . . . a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [him]."  *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) (internal citation omitted).  The Court simply cannot glean from Plaintiff's filings any basis for bringing this lawsuit in federal court.

---

[1] In his response to Defendant's motion to dismiss, Plaintiff contends that he was "[e]victed [on] account of me Fileing [sic] complaints about the landlords [sic] poor performance" and that "by makeing [sic] my complaints I am protected by the Whistle Blower Statutes." (Resp. to Mot. to Dismiss 1.)  However, the Court cannot determine from Plaintiff's factual allegations what "Whistle Blower Statutes" Plaintiff references or how any allegedly wrongful or retaliatory eviction gives rise to federal subject matter jurisdiction.  Notably, Plaintiff makes no claims that any of his constitutional rights were violated.

CONCLUSION

Plaintiff's Complaint fails to allege a sufficient factual basis for subject matter jurisdiction, and therefore Defendant's Pre-Answer Motion to Dismiss (Doc. 12) is granted.  Because the Court grants Defendant's motion, the Court denies Plaintiff's Motion for Summary Judgment (Doc. 20) as moot.

IT IS SO ORDERED, this 30th day of September, 2008.

                                        S/Clay D. Land
                                          CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE